IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK A. BARR,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )   Civil Action No. 04-270J
JO ANNE B. BARNHART,                   )
COMMISSIONER OF                        )
SOCIAL SECURITY,                       )
                                       )
                Defendant.             )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of June, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on October 22, 2002, alleging disability beginning July 20, 2001, due to headaches, a balance problem, eye problems, weakness and "cracking" bones. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on August 8, 2003, at which plaintiff appeared represented by counsel. On June 17, 2004, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 16, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a machine helper, stacker, factory worker, pinsetter, mechanic and warehouse worker, but he has not engaged in substantial gainful

activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of fibromyalgia/chronic fatigue syndrome, migraine headaches and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a sit/stand option at will and a number of other limitations. Plaintiff is limited to work that involves no more than occasional reading or writing. He is limited to occasional climbing, and he is precluded from working around heights or dangerous machinery. Further, plaintiff must avoid concentrated exposure to extreme cold temperatures. Finally, plaintiff is limited to work that involves simple, routine, repetitive tasks (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the

national economy, such as cashier, inserter, weigher/scales operator, evening guard, electronic assembler by hand, hand packager, addresser by hand or trimmer by hand. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age,

education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals the listing for fibromyalgia or chronic fatigue syndrome.[1] Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has fibromyalgia/chronic fatigue syndrome, migraine headaches and depression, which are severe impairments. The ALJ determined, however, that plaintiff's impairments do not meet or equal a

---

[1] While plaintiff specifically claims that the ALJ erred by failing to find that he meets or equals the listing for fibromyalgia or chronic fatigue syndrome, he also asserts that the ALJ failed to consider his impairments in combination to determine whether they are equivalent to a listing. This assertion lacks merit. At step 2, the ALJ considered whether plaintiff has a medically determinable impairment or combination of severe impairments. After finding that plaintiff's fibromyalgia, chronic fatigue syndrome, migraine headaches and depression are severe, the ALJ considered those impairments throughout the remainder of the sequential evaluation process, as evidenced by the ALJ's detailed step 3 discussion and the fact that he subsequently incorporated all medically supported limitations arising from plaintiff's mental and physical impairments into the RFC Finding, which was then included in the hypothetical to the vocational expert.

listed impairment. The ALJ stated that he considered the listings contained in sections 1.00 (relating to musculoskeletal disorders), 11.00 (relating to neurological disorders) and 12.00 (relating to mental disorders), and he specifically found that plaintiff's condition does not meet or equal the criteria of any listing. The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal those listings. (R. 15).[2]

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals a listing, plaintiff did not identify any medical evidence of record which establishes that to be so. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform

---

[2] With respect to the determination that plaintiff's impairments do not meet or equal a listing, the ALJ explained that: plaintiff's fibromyalgia and chronic fatigue syndrome do not result in the significant limitations in movement required by the listings; his migraine headaches do not result in the persistent and significant disorganization of motor functioning and daily activities required by the listings; and there is no evidence that plaintiff has marked or extreme limitations in activities of daily living, social functioning and concentration, persistence or pace, and no episodes of decompensation with respect to his depression. (R. 15).

consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly evaluate plaintiff's subjective complaints regarding his limitations and pain; and (2) he gave inadequate weight to the opinion of plaintiff's treating physicians. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ erred in evaluating his subjective complaints regarding his limitations and pain. According to plaintiff, "[t]he treatment notes confirm [his] complaints of pain and his limitations." However, other than this general assertion, plaintiff does not cite the treatment notes to which he refers.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ analyzed plaintiff's subjective complaints in detail, and he explained why he found plaintiff's testimony not totally credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 20). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 16-17), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next contends that the ALJ erred by giving

inadequate weight to the respective opinion of Dr. Leonte and Dr. Lukacs, two of plaintiff's treating physicians, who both stated that plaintiff is unable to work. (R. 228, 238). A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the opinions of plaintiff's treating physicians were not entitled to controlling weight.

Dr. Leonte stated on a continuing claim form in connection with plaintiff's attempt to obtain long-term disability payments from his past work (which involved medium to very heavy exertion) that plaintiff was disabled indefinitely. (R. 238). Whether or not plaintiff was considered to be disabled for purposes of a non-governmental agency decision or another agency decision is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. Further, Dr. Leonte's disability opinion simply was set forth on a form report without any objective medical evidence to support his conclusion. (R. 238). Likewise, Dr. Lukacs did not explain why he believed plaintiff was unable to work. (R. 228).

Furthermore, Dr. Leonte's and Dr. Lukacs' opinion that plaintiff is unable to work is contradicted by their own findings and by other medical evidence of record. Dr. Leonte's reports

indicate plaintiff had unremarkable examination findings, and he stated that plaintiff should maintain a regular exercise program. (R. 266-73). Dr. Lukacs found that plaintiff primarily had trigger points in his neck and shoulders, that he benefitted from injections and that he had normal balance, gait and coordination and no muscle weakness. (R. 228-37). In addition, medical tests performed on plaintiff, such as an MRI of his brain and a spinal tap, were normal. (R. 231). For all of these reasons, the ALJ did not err in giving little weight to Dr. Leonte's and Dr. Lukacs' respective opinion.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    John J. Valkovci
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901